IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL CASE 06-00274-CG |
| ) | |
| ) | |
| JUANITA BURROUGHS ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On March 19, 2008, the Court conducted a hearing for a determination of Defendant's mental competency to stand trial pursuant to 18 U.S.C. § 4241.  Present during the hearing and in Court was Carlos A. Williams for the Defendant, and E. T. Rolison for the United States. Counsel for the defense waived the presence of the defendant, Juanita Burroughs.

Prior to the hearing, copies of the report containing the medical opinion of Dr. Leslie Powers, of the Carswell Federal Medical Center, were made available and reviewed by the Court, counsel for Defendant and the United States.  Dr. Powers concluded that the Defendant Juanita Burroughs is suffering from a mental disease or defect that renders her unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.  Further, it was the opinion of the Carswell Federal Medical Center forensic staff that it is unlikely that the defendant would be restored to competency in the future.  No additional testimony, or other expert opinions, were offered by either party.  The issue of competence was previously raised, and this is the second time the court found the defendant incompetent to stand trial.

Therefore, based on the evidence presented, the Court finds by a preponderance of the evidence that the defendant is presently incompetent to stand trial and that it is unlikely she

would be restored to competency in the future. The court thus finds that defendant Burroughs is subject to the provisions of 18 U.S.C. § 4246[1].

Accordingly, pursuant to 18 U.S.C. §§ 4241 it is **ORDERED** that the defendant is to be continued in the custody of the Attorney General until such time as she regains competence, or until the provisions of 18 U.S.C. § 4246 are implemented and a further order supercedes this one.

**DONE** and **ORDERED** this 3rd day of April, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The proposed order submitted by defense counsel envisions this court making a determination of dangerousness pursuant to 18 U.S.C. § 4246. However, the provisions of that statute are implemented only by action of the director of the facility at which the defendant is housed, not at the direction of the court. In addition, venue for any hearing to determine dangerousness is in the district where the defendant is in custody. See, e.g., U.S. v. Lapi, 458 F. 3d 555 (7th Cir. 2006), and cases cited therein:

> .... § 4246 is triggered only by the filing of a Certificate of Mental Disease or Defect and Dangerousness by the "director of [the] facility in which [the defendant] is hospitalized"; this Certificate, in turn, must confirm that the defendant poses a substantial risk to persons or property and that no suitable state placement is available. Id. In this case, the district court issued its ... order that a dangerousness hearing be conducted sua sponte; not only was the hearing not requested by the parties, but the statutory requirement of certification has not been met.

458 F.3d at 562.

The court continued:

> Even if a valid Certificate had been on the record at the time of the district court's order, the District Court for the Northern District of Illinois is not the proper federal district court to assess Mr. Lapi's dangerousness. Section 4246 provides that the Certificate . . . shall be filed in the court in the "district in which the person is confined" while in the "custody of the Attorney General" or "the Bureau of Prisons." Id. In the present case, Mr. Lapi was confined in Rochester, Minnesota, while in the custody of the Attorney General; the appropriate court to conduct the dangerousness hearing, therefore, would be the District Court for the District of Minnesota"

Id.